**AMALGAMATED INDUSTRIAL UNION LOCAL 44–A HEALTH AND WELFARE FUND, Plaintiff,**

v.

**James WEBB, an individual and William Killacky, an individual, Defendants.**

No. 81 C 5145.

United States District Court, N.D. Illinois, E.D.

March 24, 1983.

Stephen P. Carponelli, Carponelli & Krug, Chicago, Ill., for plaintiff.

Robert Lewinthal, Fred Sudak & Assoc., Kenneth Miller, Chicago, Ill., for defendants.

# MEMORANDUM OPINION AND ORDER

WILLIAM T. HART, District Judge.

This is an action brought pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq.* (Supp. IV 1980) ("ERISA" or "Act"). Jurisdiction is asserted pursuant to section 1132(e)(1) of the Act. The plaintiff, Amalgamated Industrial Union Local 44–A Health and Welfare Fund ("Fund"), is an employee benefit plan subject to the Act's provisions. In a two count complaint, the Fund alleges that defendants James Webb ("Webb"), a Fund trustee and fiduciary, and William Killacky ("Killacky"), a Fund fiduciary, have violated certain provisions of ERISA by receiving excessive compensation from the Fund. Accordingly, the Fund argues that each defendant must repay the Fund all sums improperly collected.

In Count I, the Fund asserts that Webb received, during the period from January 1, 1978 to June 30, 1981, "excessive" salary from the Fund while concurrently receiving "substantial" salary as President of Amalgamated Industrial Union Local 44–A. The Fund argues that such dual compensation violates sections 1106(a)(1)(C), 1106(a)(1)(D), 1106(b)(1),[1] and 1108(c)(2)[2] of the Act. In Count II, the Fund alleges that Killacky, who served the Fund as an insurance broker, agent and consultant from January 1, 1976 to June 30, 1981, received excessive compensation for services rendered and for

---

1. The pertinent sections read:
   (a) Except as provided in section 1108 of this Title:
   (1) A fiduciary with respect to a plan should not cause the plan to engage in a transaction, if he knows or should know such transaction constitutes a direct or indirect—
   \*    \*    \*    \*    \*    \*
   (C) furnishing of goods, services, or facilities between the plan and a party in interest;
   (D) transfer to, or use by or for the benefit of, a party in interest, of any assets of the plan;
   \*    \*    \*    \*    \*    \*
   (b) A fiduciary with respect to a plan shall not—
   (1) deal with the assets of the plan in his own interest or for his own account.

2. Section 1108(c)(2) reads as follows:
   (c) Nothing in section 1106 of this title shall be construed to prohibit any fiduciary from—
   (2) receiving any reasonable compensation for services rendered, or for the reimbursement of expenses properly and actually incurred, in the performance of his duties with the plan; except that no person so serving who already receives full-time pay from an employer or an association of employers, whose employees are participants in the plan, or from an employee organization whose members are participants in such plan shall receive compensation from such plan, except for reimbursement of expenses properly and actually incurred; or
   \*    \*    \*    \*    \*    \*

services never rendered, in violation of sections 1106(a)(1)(C), 1106(a)(1)(D), and 1108(b)(2) [3] of ERISA.

Presently before the Court are defendants' motions to dismiss the complaint for lack of subject matter jurisdiction, Fed.R. Civ.P. 12(b)(1), and for failure to state claims upon which relief can be granted, Fed.R.Civ. 12(b)(6). Killacky also has moved to dismiss Count II due to the alleged untimeliness of certain of the claims against him and to sever the counts into separate actions. Because the Court finds that it lacks subject matter jurisdiction, it is without the power to consider the merits of the Fund's claims or to resolve the defendants' remaining motions. This matter is dismissed.

### Discussion

The Fund claims that it has standing to bring this suit under ERISA pursuant to 29 U.S.C. § 1132(d)(1). Subsection (d)(1) states that "[a]n employee benefit plan may sue or be sued under this subchapter as an entity." It is the "sue or be sued" language which, the Fund says, confers subject matter jurisdiction on this Court. The defendants, however, argue that the trustees and not the Fund are the proper plaintiff, and that unless the trustees expressly authorized their attorney to bring suit on behalf of the Fund, no standing is conferred on the Fund. The parties cannot agree that the attorney had such authority. The Court need not untangle their disagreement, however. Even if the trustees had voted to allow their attorney to sue in the Fund's name, this suit would be improper.

Whether a district court has subject matter jurisdiction over a suit brought by an employee benefit plan under ERISA is a question of first impression in the Seventh Circuit. In fact, until *Pressroom Unions-Printers League Income Security Fund v.*

*Continental Assurance Co.,* 700 F.2d 889 (2d Cir.1983), there apparently were no reported decisions on the issue by any federal circuit or district court. Despite the absence of a line of precedential cases, however, this Court must proceed from what is explicitly clear: a district court is a court of limited jurisdiction. It may not infer a grant of jurisdiction without a clear legislative mandate. *See Middlesex County Sewage Authority v. National Sea Clammers Association,* 453 U.S. 1, 14, 101 S.Ct. 2615, 2623, 69 L.Ed.2d 435 (1981); *Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979).

In *Pressroom Unions,* the Second Circuit held that section 1132(e)(1) of the Act is an exclusive jurisdictional grant which does not contemplate a fund as a plaintiff. That section is captioned "Jurisdiction." In pertinent part it provides that "the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary [of Labor] or by a participant, beneficiary, or fiduciary" [of a fund]. Furthermore, section 1132(a), captioned "Persons empowered to bring civil actions," confers standing upon the same persons—the Secretary or a participant, beneficiary or fiduciary.

The plaintiff fund in *Pressroom Unions* agreed that sections 1132(a) and 1132(e)(1) did not expressly include a fund among their standing and jurisdictional provisions. Undaunted, however, the fund argued that the possibility of fund-initiated suits was not foreclosed so long as another ERISA provision made such suits cognizable. Like the Fund in the instant action, the Pressroom Union fund argued that section 1132(d)(1) permits a fund to "sue and be sued."

Despite the explicit "sue and be sued" language in section 1132(d)(1), the Second Circuit rejected the fund's reliance on that section. First, the court noted that section

---

**3.** Section 1108(b)(2) reads as follows:

(b) The prohibitions provided in section 1106 of this title shall not apply to any of the following transactions:

     *     *     *     *     *     *

(2) Contracting or making reasonable arrangements with a party in interest for office space, or legal, accounting, or other services necessary for the establishment or operation of the plan, if no more than reasonable compensation is paid therefore.

188

1132(d)(1) is captioned "Status of employee benefit plan as an *entity*." (emphasis added). Then, the court explained the apparent contradiction between that section and the jurisdictional and standing provisions in sections 1132(e)(1) and 1132(a):

> [Section 1132(d)(1)] only establishes the right of plans created by ERISA to sue and be sued like corporations and other legal entities. Without such a provision, a pension plan would not be a legally cognizable body [citation omitted]. Affording plans the power to sue does not, however, imply that they may bring actions under ERISA; it merely authorizes suits to be brought by funds in other situations.... For example, ... to pursue a state law claim.

*Id.* at 1890–93.

Furthermore, ERISA's legislative history, like the Act's provisions, makes frequent reference to "participants, beneficiaries and fiduciaries" as parties plaintiff and not to employee benefit plans or funds. *See, e.g.,* H.R.Rep. No. 533, 93rd Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Ad. News, pp. 4639, 4655 (1974). The Congressional omission of a fund as a plaintiff must be construed as intentional and consistent with the analysis of the Second Circuit.

This Court adopts the reasoning of the Second Circuit in *Pressroom Unions.* While the Amalgamated Industrial Union Fund can sue to protect its rights as an entity or to redress an injury to it, it cannot vindicate those rights or overcome its losses in federal court under ERISA.

For the reasons stated above, this Court is without subject matter jurisdiction over the Fund's complaint; employee benefit funds are not within ERISA's categorical grant of exclusive jurisdiction. The action is dismissed.