**LOCAL 807 LABOR–MANAGEMENT PENSION FUND, Plaintiff,**

v.

**OWENS TRUCKING, INC., Defendant.**

**No. 82 Civ 3772.**

United States District Court, E.D. New York.

May 25, 1984.

O'Connor & Mangan, P.C., by J. Warren Mangan, Long Island, N.Y., for plaintiff.

Stroock & Stroock & Lavan by Jeffrey Boak, New York City, for defendant.

MEMORANDUM and ORDER

WEINSTEIN, Chief Judge.

The parties submit cross motions for summary judgment on the complaint and counterclaim. Defendant, which was obligated to make payments to a pension fund for its employees administered by plaintiff, sold its business and discontinued pay-

ments. The purchaser hired some of defendant's employees and began paying the Fund on their behalf pursuant to its own collective bargaining agreement.

Jurisdiction was based on the Multiemployer-Pension Plan Amendments Act of 1980 (MPPAA), 29 U.S.C. § 1451(c). The MPPAA adds rights and remedies to those contained in the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.* Plaintiff claims a violation of provisions dealing with withdrawal from a multiemployer pension plan. 29 U.S.C. § 1381. Defendant counters that the fund does not have jurisdiction to pursue claims that defendants owe withdrawal money pursuant to the MPPAA, but seeks a declaratory judgment that it complied fully with the MPPAA. 29 U.S.C. § 1384.

### Jurisdiction Over Complaint

■ The Second Circuit has taken a narrow view of the district court's jurisdiction in suits brought under ERISA by pension funds, *Pressroom Unions-Printers League Income Security Fund v. Continental Assurance Co.*, 700 F.2d 889 (2d Cir.1983), *cert. denied,* — U.S. ——, 104 S.Ct. 148, 78 L.Ed.2d 138 (1983), as well as by employers. *See Tuvia Convalescent Center, Inc. v. National Union of Hospital & Health Care Employees,* 717 F.2d 726 (2d Cir.1983). It has rejected more expansive jurisdictional views of another circuit. *See Pressroom Unions,* 700 F.2d 889, 892. *See also District 65, UAW v. Harper & Row, Publishers, Inc.,* 576 F.Supp. 1468 (S.D.N.Y.1983) (Union has no standing under ERISA, 29 U.S.C. § 1132(a)); *Margaret Hall Foundation v. Atlantic Financial Management,* 572 F.Supp. 1475, 1485 (D.Mass. 1983) (without deciding whether *Pressroom* was rightly decided allows plan to amend complaint to add as plaintiffs the plan administrator and individual fiduciaries of the plan); *Employees Savings Plan of Mobile Oil Corporation v. Vickery,* 99 F.R.D. 138, 140–41 (S.D.N.Y.1983) (allowing plans to amend complaint to add a fiduciary as a plaintiff so as to defeat motion to dismiss). Since the standing language in section 1451 of the MPPAA mirrors that of the ERISA

statute ("plan fiduciary ... plan participant, or beneficiary"), the Second Circuit's conclusion that a fund may not bring suit must be applied to this case until the Second Circuit rules otherwise.

It is hard to see why the Fund, which can sue and be sued, 29 U.S.C. § 1132(d)(1), should not be treated as a "plan fiduciary" under 29 U.S.C. § 1132(e)(1) or § 1451(a)(1), but we feel bound by the Court of Appeals decision in *Pressman.* But *cf. United States Steel Corp. v. Pennsylvania Human Relations Commission,* 669 F.2d 124 (3rd Cir.1982) (distinguished in *Pressman* at 892, n. 6 on the ground that employer was held to be a fiduciary). *See also Pressman* at 893, n. 8, (excluding a fund from the definition of a fiduciary); *id.* at 892–93 (rejecting view that 29 U.S.C. § 1132(d)(1) allowing an "employee benefit plan" to "sue or be sued" affects jurisdiction). Thus, under what we construe to be ruling case law, the Fund does not have standing to bring this action under section 1451. The defects in plaintiff's complaint, if we read the Second Circuit's *Pressman* decision correctly, are jurisdictional. The complaint is dismissed for lack of jurisdiction.

The plaintiff may be able to sue in the state courts of general jurisdiction under a common law theory since the ERISA statute does establish a fund as an entity with the right to sue and be sued. 29 U.S.C. § 1132(d)(1). *See also Pressroom,* 700 F.2d 889, 893 ("Affording plans the power to sue does not, however, imply that they may bring claims under ERISA; it merely authorizes suits to be brought by funds in other situations where there would properly be jurisdiction."). Apparently, under the Second Circuit's theory, the plan may not sue in state court on its MPPAA claim. *See* 29 U.S.C. § 1451(c) ("the State courts of competent jurisdiction shall have concurrent jurisdiction over an action brought by a *plan fiduciary* to collect withdrawal liability") (emphasis added). A complaint seeking the same relief, however, may well lie in either state or federal court if a fiduciary instead of the Fund sues. *See*

*Margaret Hall Foundation v. Atlantic Financial Management,* 572 F.Supp. 1475, 1485 (D.Mass.1983). *See also* letter of plaintiff dated March 27, 1984 stating an intention to file a new complaint in the name of trustees of the Fund.

### Jurisdiction Over Counterclaim

■ The counterclaim also lacks a jurisdictional base. 28 U.S.C. § 1451(a) speaks of an employer "adversely affected by the Act or omission of any party ... with respect to a multiemployer plan." But defendant may not—following the Second Circuit's highly technical and restrictive view of ERISA jurisdiction—take advantage of this provision. First, it is a "former employer," not an "employer." Second, it has not been shown to have been adversely affected by any act or omission of the plaintiff or any other person. A mere claim which is dismissed for lack of jurisdiction would not appear to constitute an act or omission in view of the narrow reading of the statute by the Court of Appeals for this Circuit. It would, in any event, verge on the absurd to say that the court has no jurisdiction to find that defendant violated ERISA, but that it does have jurisdiction to find that it did not violate ERISA. The doctrine of mutuality still has sufficient vitality to prevent such an unfair result.

Even if this court had jurisdiction to entertain defendant's counterclaim for a declaratory judgment, it would not do so. Discretion to refuse to grant declaratory relief does exist. *See, e.g.,* Rule 57, Federal Rules of Civil Procedure ("in cases where it is appropriate"); *Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 494, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942); C.A. Wright, A.R. Miller, M.K. Kane, 10A Federal Practice and Procedure § 2759; 1 Pomeroy's Equity Jurisprudence § 171, p. 229 (1941). There is no showing that any harm will be suffered in the foreseeable future by defendant if the remedy sought is now denied.

The action is dismissed without prejudice to plaintiff or defendant and with no costs or disbursements.

SO ORDERED.