**CARPENTERS FRINGE BENEFIT FUND OF ILLINOIS, et al., Plaintiffs,**

v.

**BI–STATE LOADING DOCK SPECIALISTS, INC., Defendant.**

**No. 91–CV–870–WDS.**

United States District Court, S.D. Illinois.

March 25, 1992.

Robert J. Sprague, Sprague & Sprague, Belleville, Ill., for plaintiffs.

Harold G. Belsheim, Jr., Pessin, Baird, Belsheim & Wells, Belleville, Ill., William W. Cody, Thomas A. Vierling, McMahon, Berger, Hanna, Linihan, Cody & McCarthy, St. Louis, Mo., for defendant.

### MEMORANDUM AND ORDER

STIEHL, District Judge:

Before the Court is defendant's motion to dismiss plaintiffs' complaint. Plaintiffs' complaint is in two counts. Count I was filed pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132, 1145 (ERISA) alleging that defendant breached its obligation to make fringe benefit contributions under the terms of an alleged collective bargaining agreement. Count II alleges that defendant, by not paying plaintiff Southern Illinois district Council of Carpenters union dues which were deducted from the wages of defendant's employees, breached the alleged agreement in violation of § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a) (LMRA).

### COUNT I

In Count I, the plaintiffs are a fringe benefit fund and a pension fund. Defendant argues that Count I must be dismissed because ERISA does not grant subject matter jurisdiction to the federal court to hear ERISA actions brought by employee benefit funds. ERISA provides that a participant, beneficiary, or fiduciary may bring a civil action to enforce terms of the plan. 29 U.S.C. § 1132(a)(3). Furthermore, 29 U.S.C. § 1132(e)(1) gives the district courts "exclusive jurisdiction of civil actions under this subchapter brought by the Secretary [of Labor] or by a participant, beneficiary or fiduciary." *Id.* Defendant argues that because plaintiffs in Count I are funds, and not enumerated parties under § 1132(e)(1), the Court lacks subject matter jurisdiction as to Count I.

In *Giardono v. Jones*, 867 F.2d 409 (7th Cir.1989), the Court held that "the grant of subject matter jurisdiction in § 1132(e)(1) is

exclusive. The courts are without power to expand their jurisdiction under ERISA in order to imply a cause of action for non-enumerated parties." *Id.* at 413. Similar logic was used in a case decided prior to *Giardono* where a district court held that participants, beneficiaries, and fiduciaries, but not funds, may vindicate their rights in federal court under ERISA. *Amalgamated Indus. Union Local 44–A v. Webb*, 562 F.Supp. 185 (N.D.Ill.1983). *Amalgamated* relied upon *Pressroom Union–Printers League Income Security Fund v. Continental Assurance Co.*, 700 F.2d 889 (2d Cir.), *cert. denied*, 464 U.S. 845, 104 S.Ct. 148, 78 L.Ed.2d 138 (1983) which held that "§ 1132(e)(1) of the Act is an exclusive jurisdictional grant which does not contemplate a fund as plaintiff." *Amalgamated*, 562 F.Supp. at 187. *See also, Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) (The express grant of federal jurisdiction in ERISA is limited to suits brought by certain parties); *Carpenters Dist. Council v. Bowlus School Supply*, 716 F.Supp. 1232 (W.D.Mo.1989) (Employee benefit plans were not an enumerated party under § 1132(e)(1); consequently ERISA did not grant subject matter jurisdiction over a claim by the plans); *In re Estate of Sheppard*, 658 F.Supp. 729 (C.D.Ill.1987) (Federal courts do not have jurisdiction in ERISA claims where party is not a participant beneficiary or fiduciary).

In the case at bar, it is clear that the two funds are not enumerated parties under § 1132(e)(1). Accordingly, the Court GRANTS defendant's motion to dismiss Count I for lack of subject matter jurisdiction, and Count I is DISMISSED.

### COUNT II

Upon review of the pleadings, defendant's motion to dismiss Count II is DENIED.

In summary, defendant's motion to dismiss Count I is GRANTED, and Count I is DISMISSED. Defendant's motion to dismiss Count II is DENIED. Plaintiffs are granted leave to file their amended complaint within twenty (20) days.

IT IS SO ORDERED.