988 F.2d 1059
 125 Lab.Cas. P 35,829, 25 Fed.R.Serv.3d 99,
1 Wage & Hour Cas.2d (BNA) 531
 OTR DRIVERS AT TOPEKA FRITO-LAY, INC.'S DISTRIBUTION CENTER
on behalf of themselves and all other employees of
Frito-Lay, Inc. similarly situated,
Plaintiffs-Appellants,
v.
FRITO-LAY, INC., a Delaware Corporation licensed to do
business within the State of Kansas, Defendant-Appellee.
 No. 91-3320.
 United States Court of Appeals,
Tenth Circuit.
 March 22, 1993.
 
 Eric Kjorlie, Topeka, KS, for plaintiffs-appellants.
 Gloria G. Flentje of Foulston & Siefkin, Wichita, KS, for defendant-appellee.
 Before BRORBY and EBEL, Circuit Judges, and McWILLIAMS, Senior Circuit Judge.
 McWILLIAMS, Senior Circuit Judge.
 
 
 1
 On February 11, 1991, an action was filed in the United States District Court for the District of Kansas against Frito-Lay, Inc., a Delaware corporation licensed to do business within the State of Kansas. The plaintiffs identified in the title of the action were as follows:
 
 
 2
 OTR Drivers at Topeka Frito-Lay, Inc.'s Distribution Center on behalf of themselves and all other employees of Frito-Lay, Inc. similarly situated.
 
 
 3
 The action was based on the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., and sought injunctive relief and the recovery of unpaid minimum wages, overtime compensation, attorney's fees, interest and costs. Attached to the complaint was a list of the names, and corresponding signatures, of some 77 drivers employed in Frito-Lay's Topeka office, wherein each allegedly consented to an action against Frito-Lay. The caption above the 77 names, and signatures, was as follows:
 
 
 4
 The Employees Listed Below Hereby Give Their Consent to Become Party Plaintiffs in a Civil Action against Frito-Lay, Inc. Pertaining to the "Available Drivers List" Policy.[1]
 
 
 5
 Frito-Lay moved to dismiss the complaint, contending, inter alia, that subject matter jurisdiction was lacking because there was no proper plaintiff before the court. In support of its motion, Frito-Lay relied on Fed.R.Civ.P. 10(a)[2] and 29 U.S.C. § 216(b).[3]
 
 
 6
 In granting Frito-Lay's motion to dismiss the complaint, the district court noted that Rule 10(a) required that the title of the action include the "names of all parties" and that the only party named in the title was OTR Drivers at Topeka Frito-Lay, Inc.'s Distribution Center, hereinafter referred to as OTR Drivers.[4] In this regard, the district court found that OTR Drivers was simply a descriptive appellation given the over the road drivers working for Frito-Lay at the Topeka distribution center, and that it was not even an informal entity, let alone a more formal organization, such as a labor union.
 
 
 7
 The district court concluded that under 29 U.S.C. § 216(b) OTR Drivers had no standing or capacity to sue as a representative of Frito-Lay employees. In granting Frito-Lay's motion to dismiss, the district court held that under 29 U.S.C. § 216(b) the FLSA claim could only be maintained by "one or more employees" and that the instant case was not brought by "one or more employees," since no employees were named in the title of the action.
 
 
 8
 In dismissing the action, the district court also concluded that even had OTR Drivers been a union or association rather than merely a descriptive term, under 29 U.S.C. § 216(b), OTR Drivers had neither capacity nor standing to institute an FLSA claim as a representative of Frito-Lay employees. Further, the district court held that the wording of the consent attached to the complaint was ambiguous and therefore ineffective to bring employees into the suit as party plaintiffs, since the consent could have been interpreted to refer to litigation attacking Frito-Lay's use of the "Available Drivers List" policy rather than litigation under FLSA to recover damages for the company's policy. In dismissing the action, the district court opined that "[b]ecause jurisdiction was lacking from the commencement of this suit, the defect may not be cured by amendment of the complaint," citing Pressroom Unions-Printers League Income Security Fund v. Continental Assurance Co., 700 F.2d 889, 893 (2d Cir.1983), cert. denied, 464 U.S. 845, 104 S.Ct. 148, 78 L.Ed.2d 138 (1983).[5]
 
 
 9
 The dismissal of the complaint, entered on July 31, 1991, was "without prejudice." Three days later, 22 of the 77 employees listed in the "consent" attached to the original complaint refiled a complaint virtually identical to the original complaint. In this second complaint, the names of the 22 employees were included in the title of the action along with "OTR Drivers." The attachment to the second complaint indicated that the persons signing consented "to become party plaintiff in collective action under 16(b) of FLSA [29 U.S.C. § 216(b) ]."
 
 
 10
 On August 9, 1991, OTR Drivers filed a motion to alter or amend the district court's order of July 31, 1991, to permit OTR Drivers to file an amended complaint specifically naming in the caption the employees who had signed the consent. The motion was denied on September 6, 1991, and this appeal follows.
 
 
 11
 A notice of appeal was filed on October 4, 1991. The title of the notice described the plaintiffs as follows:
 
 
 12
 OTR Drivers at Topeka Frito-Lay, Inc.'s Distribution Center on behalf of themselves and all other employees of Frito-Lay, Inc. similarly situated.
 
 
 13
 The body of the notice of appeal read as follows:
 
 
 14
 Notice is hereby given, that the plaintiffs above named, and each of them, who are entitled to appeal from the final Judgment entered herein by the Court on the 6th Day of September 1991, denying Plaintiffs' Motion to Alter or Amend the Judgment entered July 31, 1991, dismissing the case without prejudice, hereby appeal from such Judgments, and each of them, to the United States Court of Appeals for the Tenth Circuit.
 
 
 15
 The first issue to be resolved is which party or parties, if any, are properly before this court. In this regard, we are uncertain whether counsel for the "appellants" is contending that the 77 employees listed in the attachment to the original complaint as consenting to the bringing of an action pertaining to Frito-Lay's "Available Drivers List" policy are proper parties to this appeal. Be that as it may, Fed.R.App.P. 3(c) provides that "the notice of appeal shall specify the party or parties taking the appeal." Under the rationale of Torres v. Oakland Scavenger Co., 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988), we conclude that none of the 77 employees is properly before this court. They are not identified as appellants in the notice of appeal. The phrase "on behalf of themselves and all other employees of Frito-Lay, Inc., similarly situated" is ineffective to bring the 77 employees before this court.[6] That phrase is like the phrase "et al." in Torres, which the Supreme Court held did not meet the specificity requirement of Fed.R.App.P. 3(c).[7]
 
 
 16
 The only party specified in the notice of appeal is "OTR Drivers at Topeka Frito-Lay, Inc.'s Distribution Center." In Walter v. International Association of Machinists Pension Fund, 949 F.2d 310 (10th Cir.1991), we held that the "et al." catch-all phrase was ineffective to perfect the appeal of 17 "would be" appellants, but then we considered, on appeal, the merits of the controversy as it related to the one party who was specified in the notice of appeal. In line therewith, we deem OTR Drivers, whatever it may be, to be the only party properly before this court.
 
 
 17
 As indicated, the district court dismissed the action on the ground, inter alia, that under 29 U.S.C. § 216(b) OTR Drivers had no standing to institute an action on behalf of itself, or on behalf of over the road drivers of Frito-Lay's office in Topeka, Kansas, that under 29 U.S.C. § 216(b) such action could only be maintained by "one or more employees," and that no employee of Frito-Lay had been identified by name in the title of the action. As we understand it, OTR Drivers does not contend on appeal that it had standing under 29 U.S.C. § 216(b) to institute the present action. Thus it concedes, in effect, that it did not have standing to institute the present action. Having conceded that it had no standing to maintain an action under 29 U.S.C. § 216(b) in the district court, OTR Drivers has no standing to pursue on appeal matters unrelated to the standing issue.[8] Hence, we do not reach the two issues OTR Drivers sought to raise in this court, namely, the adequacy of the consents and whether OTR Drivers, after judgment, should have been allowed to amend its complaint.
 
 
 18
 Appeal dismissed.
 
 
 
 [1]
 According to the complaint, the Available Drivers List was a policy, implemented at Frito-Lay's Topeka Distribution Center, which required the drivers to remain on call to drive during their off hours. The drivers allegedly were not paid for their on-call time
 
 
 [2]
 Rule 10(a) reads, in part, as follows:
 In the complaint the title of the action shall include the names of all the parties, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties (emphasis added).
 
 
 [3]
 29 U.S.C. § 216(b) reads, in part, as follows:
 An action to recover the liability prescribed [under § 216(b) ] may be maintained ... in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought (emphasis added).
 
 
 [4]
 "OTR" stands for Over the Road
 
 
 [5]
 In Pressroom, the Second Circuit held that if jurisdiction be lacking at the commencement of an action, it cannot be aided by the intervention of a party with sufficient standing, and in connection therewith concluded that "we have never allowed [28 U.S.C. § 1653] to create jurisdiction retroactively where none existed." Id. at 893
 
 
 [6]
 The complaint filed in the district court was not a class action
 
 
 [7]
 In Walter v. International Association of Machinists Pension Fund, 949 F.2d 310 (10th Cir.1991), we recognized that a defective notice of appeal could be cured by a docketing statement filed within the time for filing a notice of appeal which indicated which parties were appealing. In the instant case, the docketing statement was not filed within the time for filing a notice of appeal. Further, the docketing statement did not identify any of the 77 employees as appellants. In answer to the question on the docketing statement "Party or Parties filing Appeal" was typed simply "Plaintiffs."
 
 
 [8]
 In Citizens Concerned for Separation of Church and State v. City and County of Denver, 628 F.2d 1289 (10th Cir.1980), we dismissed the appeal of an unincorporated association on the grounds that the unincorporated association had failed to present adequate proof to support the standing allegations in its complaint, even though the question of standing had not been raised in the district court