**INTEGRATED TECHNOLOGY & DEVELOPMENT, INC. and Israel Letzter, Plaintiffs,**

v.

**Israel ROSENFIELD, Rami Adler, Gerard Conca, David Merrell, AMCI International, Inc., Michael C. Brown, OSCM–One Stop.Com, Inc., Acttivinet, Ltd., and Activinet, S.A., Defendants.**

No. 99–CV–8512.

United States District Court, E.D. New York.

May 24, 2000.

Zevnik, Horton, Guibord, McGovern, Palmer & Fognani, LLP, New York City, by Steven Altman, Eric Rosenberg, of counsel, for plaintiffs.

Loeb & Loeb, LLP, New York City, by David B. Eizenman, Leily Lashkari, of counsel, for defendants OSCM–One–Stop. com, Inc., AMCI International, Inc., and Gerard Conca.

## MEMORANDUM DECISION AND ORDER

SPATT, District Judge.

This case involves allegations by the Plaintiffs that the Defendants engaged in securities fraud by selling assets of the closely-held corporation OSCM One–Stop. com, Inc. ("OSCM"). Presently before the Court are motions by Defendants OSCM, AMCI International, Inc. ("AMCI") and Gerard Conca to dismiss the complaint for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) and failure to state a claim under Rule 12(b)(6). Defendants Rosenfeld, Adler, Merrell, Brown, Activinet, Ltd. and Activinet, S.A. have not yet appeared.

## BACKGROUND

According to the complaint, Plaintiff Integrated Technologies and Development ("ITD") is a Delaware corporation solely owned by Plaintiff Israel Letzter with its principal place of business in Tel–Aviv, Israel. In May 1998, ITD acquired nearly 1.9 million shares of stock in OSCM, a Florida corporation with a principal place of business in New York. At the same time, Letzter personally acquired an additional 2.7 million shares of OSCM, and Defendant Activinet, Ltd., an Israeli corporation of which Letzter is majority owner, also acquired nearly 1.9 million OSCM shares. The sole asset of OSCM is its 80% ownership in a company called "CCM Computer Associates" ("CCM"), along with its option to purchase the remaining 20% of CCM shares. OSCM's shares are not registered with the Securities and Exchange Commission, and carry restrictions on their sale.

In August 1999, Defendants Rosenfeld and Adler, who were officers of Activinet, Ltd., transferred Activinet Ltd.'s OSCM stock (Activinet, Ltd.'s only significant asset) to Defendant Activinet, S.A., a party that is identified in the complaint only as "a corporation formed and existing under the laws of a foreign nation which is owned

by Mr. Rosenfeld and/or Mr. Adler." According to the Plaintiffs, the transfer of Activinet Ltd.'s shares in OSCM to Activinet, S.A. was made without adequate consideration, and without Letzter's knowledge or consent, and without an Activinet, Ltd. shareholder's vote.

At some point in or about October 1999, Defendants Rosenfeld, Adler, and Conca, all directors of OSCM, entered into an agreement with Defendant AMCI International ("AMCI") and its directors Defendants Brown and Merrell, to sell OSCM's ownership in CCM—OSCM's only significant asset—to AMCI in exchange for 60% of AMCI's stock and $ 5,000,000 in cash. The Plaintiffs contend that OSCM's sale of its CCM stock to AMCI was done without notice to OSCM's shareholders, and that it served no business purpose other than to deliberately "remove OSCM's assets from any influence, oversight, or control by Letzter." The Plaintiffs sought a preliminary injunction before this Court to prevent the sale of OSCM's assets to AMCI, but later withdrew that request after stipulating that the sale was consummated in October 1999.

In November 1999, Letzter sought to remove the restrictions on the sale of his OSCM stock and to put the shares up for sale. OSCM's directors, Defendants Rosenfeld, Adler, and Conca, refused to waive the restrictions on the sale of the OSCM shares held by Letzter. According to the Plaintiffs, OSCM's directors had no legal justification to refuse Letzter's request, and their motivation was actually to manipulate OSCM's stock price and to "ensure that Mr. Letzter's proposed sales of his stock not adversely affect its market price."

The Plaintiffs then commenced this lawsuit, setting forth five causes of action. The first cause of action alleges breach of fiduciary duty against Defendants OSCM, Adler, and Rosenfeld, relating to their refusal to remove the restrictions on the sale of Letzter's OSCM shares. The second cause of action is a shareholder derivative claim by Letzter for conversion and breach of fiduciary duty against Adler, Rosenfeld, and Activinet, S.A. relating to the sale of Activinet, Ltd.'s assets to Activinet, S.A. The third cause of action is a derivative claim of securities fraud against Adler, Rosenfeld, Conca, AMCI, Merrell, and Brown, alleging that the sale was accompanied by fraudulent filings with the SEC by OSCM that the sale was in OSCM's best interests and by AMCI that AMCI had secured financing that justified the share price it used in entering into the sale with OSCM. The fourth and fifth causes of action allege breach of fiduciary duties against OSCM and AMCI respectively.

Defendants OSCM, AMCI, and Conca now move to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim. They contend that this Court lacks diversity jurisdiction over the case pursuant to 28 U.S.C. § 1332 on the grounds that neither Letzter, a non-domiciliary of the United States, nor ITD, a foreign corporation, have residence in the United States so as to support diversity jurisdiction. In addition, the Defendants contend that the sole federal cause of action by the Plaintiffs—the securities fraud claim—fails to state a cause of action separate from the breach of fiduciary duty claim, and that this Court therefore lacks federal question jurisdiction over the case pursuant to 28 U.S.C. § 1331.

The Plaintiffs contend that diversity exists, at least as to ITD, as it is a Delaware Corporation operating overseas, and is thus a citizen only of Delaware for diversity purposes. OSCM is a Florida corporation with its place of business in New York. Rosenfeld and Adler are citizens and residents of Israel, while Conca, Merrell, and Brown are all U.S. citizens residing in New York State. AMCI is a Utah corporation doing business in New York.

## DISCUSSION

[1] The court may not dismiss a complaint under Fed.R.Civ.P. 12(b)(6) unless it

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *King v. Simpson,* 189 F.3d 284, 286 (2d Cir.1999); *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir.1996). The court must accept as true all factual allegations in the complaint as true and draw all reasonable inferences in favor of plaintiff. *Id.; Jaghory v. New York State Dep't of Educ.,* 131 F.3d 326, 329 (2d Cir.1997). The issue to consider is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir.1995). The court must confine its consideration "to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Israel Discount Bank of N.Y.,* 199 F.3d 99, 107 (2d Cir.1999); *Hayden v. County of Nassau,* 180 F.3d 42, 54 (2d Cir.1999).

### A. As to diversity jurisdiction

■ Federal courts have subject matter jurisdiction based on diversity of citizenship in actions between (1) citizens of different states or (2) citizens of a state and citizens of a foreign nation. 28 U.S.C. § 1332(a). However, citizens of the United States domiciled abroad are neither citizens of a state of the United States, for purposes of § 1332(a)(1), nor citizens of a foreign nation for purposes of § 1332(a)(2). *Cresswell v. Sullivan & Cromwell,* 922 F.2d 60, 68 (2d Cir.1990). Such citizens may not maintain an action in federal court based solely on diversity jurisdiction. *Id.* Moreover, diversity jurisdiction requires that at least one party to a dispute be a resident of the United States. *Creaciones Con Idea, S.A. de C.V. v. MashreqBank, PSC,* 75 F.Supp.2d 279, 282 (S.D.N.Y. 1999).

Here, Plaintiff Letzter is a U.S. citizen domiciled in Israel. As a result, because not all of the Plaintiffs are entitled to sue in federal court on the basis of diversity, they may not maintain this suit on diversity grounds. *Cresswell,* 922 F.2d at 69.

There is also a dispute among the parties as to the status of Plaintiff ITD. The Defendants have submitted a certification from the Secretary of State of Delaware certifying that no corporation named "Integrated Technology and Development, Inc." or "Integrated Technology & Development, Inc." is or ever has been incorporated in the State of Delaware. The Plaintiffs have submitted a Delaware certificate of incorporation for an entity called "ITD–Integrated Technology and Development Inc." While the Court questions whether the Plaintiffs' certificate, which bears a demonstrably different corporate name than does the complaint, is sufficient proof of ITD's residence for diversity purposes, the Court need not reach that issue as Letzter's presence as a Plaintiff is sufficient to destroy any diversity jurisdiction.

### B. As to federal question jurisdiction

The Plaintiffs nevertheless maintain that the third cause of action, alleging securities fraud, alleges a claim under the laws of the United States thereby conferring federal question jurisdiction on the Court. 28 U.S.C. § 1331.

■ The Plaintiffs do not specifically identify which section of the federal securities laws the Defendants are alleged to have violated. However, it appears that their claim of fraud is best characterized as an action pursuant to section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j, which prohibits the use of "any manipulative or deceptive device" in the sale of securities. In order to state a fraud claim under Section 10(b), a plaintiff must allege that "in connection with the purchase or sale of securities, the defendant, acting with scienter, made a false material representation or omitted to disclose material information and that [the] plaintiff's reliance on the defendant's action caused [the plaintiff] injury." *Koehler v. Bank of Bermuda,* 209 F.3d 130, 2000

WL 364993 (2d Cir.2000). A plaintiff alleging securities fraud must also comply with the requirements of Fed.R.Civ.P. 9(b), and specify the statements that the plaintiff contends were fraudulent, identify the maker of those statements, allege where and when the statements were made, and explain why the statements were fraudulent. *Anatian v. Coutts Bank Ltd.*, 193 F.3d 85, 89 (2d Cir.1999); *Chill v. General Electric Co.*, 101 F.3d 263, 267 (2d Cir.1996).

■ The Plaintiffs' complaint is long on accusations and short on details. Only one statement alleged to be false is identified with sufficient particularity to comply with the requirements of Rule 9(b). Specifically, the Plaintiffs allege that AMCI filed a Statement of Beneficial Ownership, SEC Form 13D, on November 5, 1999 and a proxy statement on December 20, 1999 that falsely claimed that AMCI had received a "firm commitment" of a $25,000,000 investment in the company. According to the Plaintiffs, this false claim allowed AMCI to overinflate its corporate value when negotiating the terms of the transaction with OSCM.

While the Plaintiffs' claim does allege a specific statement that could support a claim of securities fraud, the Plaintiffs have failed to allege the necessary element of reliance on the misrepresentation. *Koehler, supra.* The Court may consider the content of the SEC filings as they are incorporated by reference in the complaint. *Leonard F. v. Israel Discount Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999); *Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir.1999). According to the statements referenced by the Plaintiffs, the exchange between OSCM and AMCI was agreed to on October 26 and executed on October 27, 1999, at least a week before the allegedly fraudulent statement was made in AMCI's 13D form filed on November 5, 1999. The Plaintiffs are therefore unable to demonstrate that the alleged false statement made on November 5, 1999 somehow caused them to suffer the loss on October 27, 1999. *Accord Koehler*, 209 F.3d 130 (to state a claim for fraud, the plaintiff "would have had to show that [obtaining knowledge of the misrepresentations] . . . would have succeeded in preventing the loss suffered.")

The remaining allegations by the Plaintiff fail to allege any false statements allegedly made by AMCI with the requisite degree of specificity. Therefore, the Plaintiffs fail to state a claim for securities fraud under Section 10(b), and their third cause of action must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

## C. As to the Plaintiffs' request for leave to amend

A motion to dismiss for subject matter jurisdiction under Rule 12(b)(1) is reviewed under the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Moore v. PaineWebber, Inc.*, 189 F.3d 165, 169 n. 3 (2d Cir.1999); *Jaghory*, 131 F.3d at 329 (2d Cir.1997). Specifically, the Court must review the allegations in the light most favorable to the Plaintiffs, and draw all reasonable inferences in their favor. *Id.* However, if, despite this review, the Plaintiffs fail to demonstrate a basis for federal jurisdiction, that case must be dismissed.

■ Because the securities fraud claim is the lynchpin of the Plaintiffs' federal question jurisdiction, and because the Plaintiffs cannot establish diversity jurisdiction, the Defendants motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) should be granted. However, in the alternative to dismissal the Plaintiffs request leave to amend the complaint. Where amendment of the complaint can only be had by leave of the court under Fed.R.Civ.P. 15(a), the court is precluded from granting such leave if subject matter jurisdiction under the original complaint is lacking. *American Charities for Reasonable Fundraising Regulation, Inc. v. Shiffrin*, 46 F.Supp.2d 143, 154 (D.Conn.1999), *citing Pressroom*

*Unions–Printers League Income and Security Fund v. Continental Assurance Co.,* 700 F.2d 889, 890 (2d Cir.1983). However, if the plaintiff can still amend the complaint as of right, no judicial intervention is necessary to permit the amendment, and the absence of federal subject matter jurisdiction poses no obstacle. *Id.*

Reviewing the docket in this case, it appears that none of the Defendants have served any responsive pleading to date. The Plaintiffs, therefore, may amend their complaint as a matter of right pursuant to Fed.R.Civ.P. 15(a). Should the Plaintiffs fail to amend their complaint as of right within the time provided in Rule 15(a), or should any such amendment fail to cure the jurisdictional defects in the original complaint, the case will be dismissed pursuant to Fed.R.Civ.P. 12(b)(1), and the matter will be remanded to state court for further proceedings on the Plaintiffs' common law claims.

### CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss the third cause of action, alleging securities fraud, is GRANTED. The Defendants motion to dismiss the complaint for lack of subject matter jurisdiction is DENIED without prejudice to re-filing following the expiration of the time period provided in Fed. R.Civ.P. 15(a) for the Plaintiffs to amend the complaint as of right.

**SO ORDERED**