**CAMERON MANOR, INC.**

v.

**The UNITED MINE WORKERS OF AMERICA, Health and Retirement Funds.**

**CA 83–1473.**

United States District Court, W.D. Pennsylvania.

Dec. 29, 1983.

James R. McDonald and William C. Still-wagon, Greensburg, Pa., for plaintiff.

Marshall J. Conn, Plowman & Spiegal, Pittsburgh, Pa., William F. Hanrahan, General Counsel, Mary Anne Gibbons, and Daniel Patrick Condon, Associate Counsel, United Mine Workers of America Health & Retirement Funds, Washington, D.C., for defendant.

## MEMORANDUM OPINION

WEBER, District Judge.

Plaintiff has commenced this action in an effort to obtain payment for nursing services provided to individuals covered by employee benefit trusts. Plaintiff is a nursing care facility. Defendants are the Health and Retirement Funds covering the individual patients. The eight individuals who received care are not named as parties.

Plaintiff seeks to state a cause of action under ERISA. 29 U.S.C. § 1001 et seq. Defendants have now moved to dismiss for lack of jurisdiction and failure to state a claim. Because we conclude that Plaintiff is not within the class of persons empowered by the statute to bring suit under ERISA, we will grant Defendants' motion and dismiss the action.

The statute empowers various defined entities to bring suit under ERISA for various forms of relief. Plaintiff purports to sue under 29 U.S.C. § 1132(a)(1)(B) which provides in pertinent part:

(a) A civil action may be brought—
(1) by a participant or beneficiary—
(A) ...
(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

Federal jurisdiction under this section is limited to suits by the entities specified in the statute. *Franchise Tax Board of California v. Construction Laborers Vacation Trust,* — U.S. —, 103 S.Ct. 2841, 2852, 77 L.Ed.2d 420 (1983). Plaintiff is clearly not a "participant" as defined in 29 U.S.C. § 1002(7). Plaintiff contends that it falls within the definition of beneficiary contained in 29 U.S.C. § 1002(8):

(8) The term "beneficiary" means a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder.

Plaintiff contends that it was tacitly designated a beneficiary by the employee-patients by their selection of the facility for treatment.

"Beneficiary" in the context of the various provisions of ERISA carries the connotation of a person, other than the employee-participant, who is covered by the plan's provisions—e.g., a spouse or dependent. Furthermore, the act of "designation" would appear to be such formal election as that contained in 29 U.S.C. § 1055, rather than the patient's choice of facility. Finally, the declared purpose of the Act is to protect and educate those persons covered by such plans, and there is no indication that Congress intended by this statute to

insure that health care facilities be paid. While Plaintiff may indeed be entitled to a "benefit" through operation of the plan— i.e., payment for services—we conclude that the term as employed in the statute does not permit of a construction broad enough to include a provider of health services to participants. See, *Hibernia Bank v. International Brotherhood of Teamsters*, 411 F.Supp. 478 (N.D.Cal.1976); *National Bank of North America v. Local 553 Pension Fund*, 463 F.Supp. 636 (E.D. N.Y.1978).

 Plaintiff argues that in any event it is a "party in interest" as defined in 29 U.S.C. § 1002(14)(B) as a "person providing services to the plan." While this may well be true, it has no bearing on the definition of beneficiary discussed above, nor will it alone support jurisdiction under 29 U.S.C. § 1132(a)(1)(B). Moreover, the existence of this separate category which consists of care providers indicates a distinction between it and the category "beneficiary."

We conclude therefore that Plaintiff is neither a "participant" nor "beneficiary" as defined in the statute, and is not entitled to bring suit under ERISA to recover payment for health services.

■ Plaintiff has requested that if the ERISA claim is dismissed, it be without prejudice to its renewal upon joinder of the individual employee-patients as plaintiffs. However, no amount of joinder can cure Plaintiff's own inability to meet the statutory requirement that it be either a participant or beneficiary. The individual patients may state a claim for their benefits, but their presence in the suit cannot alter Plaintiff's own status. We will therefore dismiss with prejudice Plaintiff's ERISA claim.

■ Plaintiff has also sought to state a claim for "detrimental reliance," alleging that Defendants paid for certain treatment, inducing Plaintiff to believe it would be paid for similar additional care. We do not address the question of whether Plaintiff has properly stated a claim for detrimental reliance because we conclude that this court has no jurisdiction over the claim. This is not a federal cause of action, does not arise under ERISA, and we may not exercise pendent jurisdiction because there is no jurisdiction over Plaintiff's abortive ERISA claim. This claim will therefore be dismissed without prejudice to its renewal in a proper forum.

For the reasons stated above, Plaintiff's claim under 29 U.S.C. § 1132 is dismissed with prejudice, and Plaintiff's claim for detrimental reliance is dismissed for lack of subject matter jurisdiction without prejudice to its renewal in a proper forum.