Abbey E. BLATT, Plaintiff-Appellant,

v.

MARSHALL AND LASSMAN (formerly known as Marshall, Lassman and Company), a partnership, Louis V. Marshall and Joseph I. Lassman, Defendants-Appellees.

No. 176, Docket 86–7421.

United States Court of Appeals, Second Circuit.

Argued Nov. 26, 1986.

Decided Feb. 27, 1987.

Kenneth L. Robinson, Mitchel Field, N.Y. (Levine & Robinson, P.C., Carl S. Levine and Timothy Mulcahy, Mitchel Field, N.Y., of counsel), for plaintiff-appellant.

Robert M. Milner, New York City (Javits, Robinson, Brog, Leinwand & Reich, P.C., of counsel), for defendants-appellees.

Before TIMBERS, PRATT and ALTIMARI, Circuit Judges.

ALTIMARI, Circuit Judge:

Abbey E. Blatt appeals from an order of the United States District Court for the Eastern District of New York granting summary judgment for defendants on the ground that they could not be considered fiduciaries under Section 3(21)(A) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(21)(A). We reverse and remand for the entry of summary judgment in favor of appellant.

## BACKGROUND

Abbey Blatt joined the accounting firm of Marshall, Dym and Lassman in 1968. He became a partner in 1977 and remained with the firm, which is now known as Marshall and Lassman, until October 3, 1983, when he left the firm.

During the entire period of Blatt's association, Marshall and Lassman (and its predecessors in interest) participated in a retirement plan sponsored by the American Institute of Certified Public Accountants ("AICPA"). The plan is administered by an AICPA Retirement Committee and is insured by the Mutual Life Insurance Company of New York ("MONY"). The plan allows employees of different accounting firms to pool their funds toward retirement.

An accounting firm that wishes to make the AICPA plan available to its employees must apply to the Retirement Committee. If the firm's application is accepted, employees who wish to take advantage of the plan may become participants. An employee's participation in the plan terminates upon the termination of that employee's services with the particular employer.

In its application to the Retirement Committee an employer must make several elections regarding the plan's applicability to its particular firm. These elections include: (1) the formula by which employer contributions are to be computed, and the frequency of those contributions; (2) the number of years of service required for an employee to be eligible to participate; (3) whether employees have the option to make voluntary contributions; (4) the formula for determining number of hours of service performed by employees; and (5) whether to adopt a minimum contribution provision.

The employer's contributions must be paid in cash to MONY at least once a year. The employer also must pay entry fees and a share of the administrative expenses, as determined by the Retirement Committee. All contributions are exclusively for the benefit of employee-participants; no plan assets ever revert to the employer. The employer may defer paying its contributions for up to one year and may, subject to conditions established by the Retirement Committee, direct MONY to transfer all the accounts of its employee-participants into another retirement plan. Finally, the employer must agree to furnish all information necessary for the convenient administration of the plan.

Appellant Blatt had been a participant in the AICPA plan sponsored by Marshall and Lassman. On December 9, 1983, Blatt wrote to MONY, informing them that he had left the employ of Marshall and Lassman and requesting a lump-sum distribution of the amount in his AICPA retirement account. MONY informed Blatt that no funds would be released to him until Marshall and Lassman delivered to MONY a "Notice of Change" form reflecting Blatt's status as a former member of the firm. MONY subsequently sent a Notice of Change form to Marshall and Lassman, but despite repeated requests by both Blatt and his attorney, Marshall and Lassman never executed the form. After Blatt commenced the instant federal action in April 1985, Marshall and Lassman finally executed the Notice of Change on May 17,

1985, more than one and one-half years after Blatt had left the firm.

Blatt's complaint alleged that the defendants were fiduciaries under ERISA, 29 U.S.C. § 1001 *et seq.*, and that they had breached their fiduciary duty to Blatt by intentionally failing to execute the Notice of Change, thereby preventing Blatt's access to his fully vested retirement funds. *See* 29 U.S.C. § 1104. According to Blatt, the defendants' refusal to execute the Notice of Change was motivated by a desire to gain advantage over him in an unrelated suit then pending in state court which defendants had filed shortly after Blatt left the firm.

In a memorandum and order dated May 1, 1986, 633 F.Supp. 712, the district court found that Marshall and Lassman could not be considered fiduciaries with respect to the AICPA retirement plan under 29 U.S.C. § 1002(21)(A). The opinion first notes that Marshall and Lassman did not render investment advice to the plan for a fee, or have the authority to do so, *see* 29 U.S.C. § 1002(21)(A)(ii). Second, appellees had no discretionary role in administering the plan, *see id.* § 1002(21)(A)(iii). After reviewing the various elections which Marshall and Lassman made in their application to the Retirement Committee, the court concluded that appellees' responsibility for making a limited number of choices respecting contributions to the plan was merely a ministerial one. The court found no other provision of the plan which conferred any *discretionary* authority over plan administration. Finally, appellees were found not to possess any discretionary authority with respect to management of the plan or disposition of its assets, *see id.* § 1002(21)(A)(i). Accordingly, the court directed that summary judgment be entered for defendants.

## DISCUSSION

The term "fiduciary" is defined in Section 3(21)(A) of ERISA:

[A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A).

Congress intended the term to be broadly construed. "[T]he definition includes persons who have authority and responsibility with respect to the matter in question, regardless of their formal title." H.R.Rep. No. 1280, 93d Cong., 2d Sess., *reprinted in* 1974 U.S.Code Cong. & Ad.News 4639, 5038, 5103. According to an interpretive bulletin issued by the Department of Labor, someone who performs purely "ministerial" functions for a benefit plan is not a fiduciary. *See* 29 C.F.R. § 2509.75–8. Such ministerial functions include the application of rules determining eligibility for participation, calculation of services and benefits, and collection of contributions. *Id.*

■ Thus, whether or not an individual or entity is an ERISA fiduciary must be determined by focusing on the function performed, rather than on the title held. *See Amato v. Western Union International, Inc.*, 773 F.2d 1402, 1416–17 (2d Cir. 1985), *cert. dismissed,* —— U.S. ——, 106 S.Ct. 1167, 89 L.Ed.2d 288 (1986); *Anderson v. Ciba-Geigy Corp.*, 759 F.2d 1518, 1522 (11th Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 410, 88 L.Ed.2d 360 (1985); *Donovan v. Mercer*, 747 F.2d 304, 308 (5th Cir.1984). An entity need not have absolute discretion with respect to a benefit plan in order to be considered a fiduciary, *see Sixty-Five Security Plan v. Blue Cross and Blue Shield*, 583 F.Supp. 380, 386–87 (S.D.N.Y.1984); rather, fiduciary status exists with respect to any activity enumerated in the statute over which the entity exercises discretion or control, *see, e.g., Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323, 1325 (9th Cir.1985).

■ We conclude that Marshall and Lassman acted as fiduciaries in this case because they exercised *actual* control over the disposition of plan assets. The definition of "fiduciary" under ERISA focuses on the exercise, as well as the possession, of authority or control. Thus, "a person is a fiduciary with respect to a ·plan *to the extent (i) he exercises . . . any authority or control* respecting . . . disposition of its assets." 29 U.S.C. § 1002(21)(A)(i) (emphasis added).

The return of contributions to plan participants is one method of disposition of plan assets. *See Sixty-Five Security Plan*, 583 F.Supp. at 385 (disposition of plan assets primarily consisted of payments to plan subscribers). When Marshall and Lassman ignored Blatt's requests and delayed executing the Notice of Change form, they effectively prevented the Retirement Committee from returning Blatt's vested contributions to him. Therefore, within the plain meaning of the statute, Marshall and Lassman exercised actual control respecting disposition of plan assets. We hold that Marshall and Lassman are indeed fiduciaries to the extent of this actual control.

We now consider whether Marshall and Lassman breached their fiduciary duty to Blatt when they delayed executing the Notice of Change for one and one-half years. There is no need for us to remand for consideration of this issue, even though the district court did not reach it, because all parties agree on the pertinent facts.

An ERISA fiduciary is obligated to "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and . . . for the exclusive purpose of . . . providing benefits to participants and their beneficiaries." 29 U.S.C. § 1104(a)(1)(A)(i). The fiduciary is held to a "prudent man" standard of care, *id.* § 1104(a)(1)(B).

■ A fiduciary breaches his § 1104 duty to a plan participant by preventing or interfering with the receipt of benefits to which the participant is entitled. *See Kann v. Keystone Resources, Inc.*, 575 F.Supp. 1084, 1091 (W.D.Pa.1983) (company pension plan's decision to withhold payment of benefits to which former executive was entitled was made with only the company's interest in mind, and was therefore breach of fiduciary duty); *Frary v. Shorr Paper Products, Inc.*, 494 F.Supp. 565, 569 (N.D.Ill.1980) (pension plan manager's refusal to pay vested benefits to former employee because employee had accepted job with competitor was breach of fiduciary duty).

■ We therefore conclude that Marshall and Lassman breached their fiduciary duty to Blatt by failing to deliver the Notice of Change form to MONY until more than one and one-half years after Blatt left the firm. Appellees' unreasonable delay in performing such a simple function was decidedly not "solely in the interest of [Blatt]," nor did it serve "the exclusive purpose of providing benefits to [Blatt]." 29 U.S.C. § 1104(a)(1)(A)(i).

We reverse and remand for entry of summary judgment in favor of Blatt on the issue of liability, and for consideration of any fees, costs, and damages to which Blatt may be entitled.