HCA HEALTH SERVICES OF THE MIDWEST, INC., a Delaware corporation, d/b/a Riveredge Hospital, Plaintiff,

v.

Martha CATRAMBONE, Frank Catrambone, and Local 705, I.B.T. Health and Welfare Fund, jointly and severally, Defendants.

No. 87 C 947.

United States District Court, N.D. Illinois, E.D.

March 18, 1988.

Maria G. Dimeas, Judy Gilliland, McKenzie & McKenzie, Chicago, Ill., for plaintiff.

David Mathews, Carmell, Charone, Widmer & Mathews, Ltd., Chicago, Ill., for defendants.

## MEMORANDUM AND ORDER

MORAN, District Judge.

Defendant Local 705 International Brotherhood of Teamsters, Health and Welfare Fund ("Fund") moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Fund contends that principles of collateral estoppel and federal law prohibit plaintiff from asserting that defendant Frank Catrambone is eligible for the medical benefits he assigned through his wife to plaintiff. The Fund also asserts that the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, preempts plaintiff's claim that it relied to its detriment on the Fund's assurance that Catrambone was entitled to hospital benefits and coverage.

Plaintiff's cause of action is properly rooted in Illinois contract law and does not seek relief under ERISA. Since only defendant's response and not plaintiff's claim invokes federal law, we lack jurisdiction over this matter and thus remand the case to state court.

## FACTS

Martha Catrambone entered Riveredge Hospital, a business operated by plaintiff on October 26, 1984, and that day assigned to plaintiff any hospital benefits to which she was entitled (cplt. exh. C). Three days later one of plaintiff's employees called the Fund and received oral verification that Martha Catrambone, as the wife of an eligible recipient, was entitled to certain bene-

fits and coverage for hospital expenses. On October 31, 1984, plaintiff sent a document confirming the conversation and describing the extent of the coverage as it had been relayed over the telephone. The document stated that unless defendant responded within 72 hours plaintiff would treat the document as "binding verification" of Martha Catrambone's actual benefits (cplt. exh. D). Defendant did not respond. Plaintiff also sent notice to the Fund that it had been assigned Catrambone's benefits (mem. opp. sum. jdgt. exh. B).

By the time she was released on November 24, 1984, Martha Catrambone had incurred $21,872.41 in hospital fees. Her husband then submitted a claim for coverage of these expenses but the Fund denied the claim based on its decision that he was "not an employee within the meaning of the [Health and Welfare Fund] Plan" ("Plan") (Fund 12(e) stmt. ¶ 9). Catrambone appealed the denial and the Fund's board of trustees held that he was an employer and thus not entitled to any benefits he had not yet received (Fund's 12(e) stmt. exh. A).

Plaintiff, unaware of these events, continued to seek payment for Catrambone's claim. In response to a demand letter dated September 24, 1985, the Fund informed plaintiff on October 16 of that year that Catrambone was ineligible for coverage and that the Fund was not liable for services rendered to the Catrambones (Fund's 12(e) stmt. exh. A).

In November 1985 Frank Catrambone brought an action for continued receipt of benefits from the Fund. The Fund removed the case to this district and on June 10, 1986, Judge Aspen dismissed the case pursuant to local Rule 21 for want of prosecution (def. mem. for sum. jdgt. exh. A).

In January 1987 the Fund was notified that plaintiff had brought a state court action against it (def. mo. for sum. jdgt. at 4). On February 3, 1987, the case was removed to this court. Defendant filed its answer and a cross-claim against Catrambone on February 11, 1987.

## DISCUSSION

We begin by noting our continuing obligation to determine whether we have subject matter jurisdiction over cases that come before us. *See Bender v. Williamsport Area School District,* 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986); *Christianson v. Colt Industries Operating Corp.,* 798 F.2d 1051, 1055 (7th Cir.1986). We make this determination not only when we receive a case but at any point during the course of a litigation when jurisdiction appears questionable. *See Louisville & Nashville Railroad Co. v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908); *Christianson,* 798 F.2d at 1055 (collecting cases). Further, the parties do not dictate the timing or content of our jurisdictional inquiry and we may carry out our duty to ensure that jurisdiction is proper on our own motion. *See Louisville & Nashville,* 211 U.S. at 152, 29 S.Ct. at 43.

Where, as here, there is no diversity, federal jurisdiction is proper "only when the plaintiff's statement of his own cause of action shows that it is based upon [the] laws or [Constitution of the United States]." *Id.* An anticipated or actual defense is insufficient to confer jurisdiction upon a federal court. *Skelly Oil Co. v. Phillips Co.,* 339 U.S. 667, 672, 70 S.Ct. 876, 879, 94 L.Ed. 1194 (1950); *Louisville & Nashville,* 211 U.S. at 152, 29 S.Ct. at 43. The precise language of the complaint does not however resolve the jurisdictional question. The Supreme Court has stated that "a plaintiff may not defeat [federal jurisdiction] by omitting to plead the necessary federal question in a complaint." *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 22, 103 S.Ct. 2841, 2852, 77 L.Ed.2d 420 (1983). In *Franchise Tax Board,* the Court instructed lower courts to consider the well-pleaded allegations necessary to the substance of the plaintiff's claim, whether or not they appear in the complaint itself. 463 U.S. at 22, 103 S.Ct. at 2852. *See Christianson,* 798 F.2d at 1060 (allegations necessary to cause of action determine parameters of well-pleaded complaint). Finally, we note

that we may consider arguments made outside the pleadings, such as the position plaintiff has adopted in opposing defendant's summary judgment motion, to determine the substance of the cause of action. *Christianson*, 798 F.2d at 1060 & n. 12.

 Applying these principles, we find that count IV may seek to raise a federal question but count V does not. It can be contended that count IV is a claim by an assignee of a claimed participant in the Fund for benefits—an ERISA claim. Plaintiff now appears to have abandoned that claim, being persuaded that Frank Catrambone was not covered. We therefore dismiss count IV. That leaves, then, claims against the husband and wife, clearly unrelated to ERISA, and the estoppel claim in count V. Plaintiff asserts in count V that it detrimentally relied on defendant's representation that Catrambone was entitled to benefits when defendant knew or should have known that Catrambone was ineligible (cplt. count V, ¶¶ 6, 12). Thus, plaintiff claims, defendant is estopped from refusing to pay for the services that plaintiff rendered on the basis of defendant's statement. This allegation states a textbook example of a contract claim and plaintiff's arguments on this motion for summary judgment are fully consistent with its position as presented in the complaint. Contract law is an area peculiarly within the state's province.

Defendant claims that ERISA preempts plaintiff's estoppel claim. If an ERISA allegation was necessary to the substance of plaintiff's cause of action, we would agree. But plaintiff's claim in count V is that, as a third-party provider, it provided services in reliance upon assurances from defendant that there was coverage when in fact there was none. Its claim is based upon a recognition that it has no ERISA rights it can pursue, and that claim is not preempted. *See Cameron Manor, Inc. v. United Mine Workers of America*, 575 F.Supp. 1243, 1246 (W.D.Pa.1983); *Delaware Prof. Services Corp. v. Hotel and Restaurant Employees Union*, 2 EBC 2041, 2043 (N.D.Calif.1981). We are left, then, with state law claims against the Catrambones and the Fund, and those were the only possible claims from the beginning. The Fund is, of course, free to pursue any contingent indemnity claims against Frank Catrambone, thus relieving it of any concern that it is somehow a willing participant in a diversion of funds to an employer. In these circumstances this court believes that this action should never have ended up here and should now proceed in state court. Accordingly, we remand this action to the state court pursuant to 28 U.S.C. § 1441(c).