### LIFETIME MEDICAL NURSING SERVICES, INC., Plaintiff,

v.

### NEW ENGLAND HEALTH CARE EMPLOYEES WELFARE FUND, Defendant.

### Civ. A. No. 89–0511 L.

United States District Court, D. Rhode Island.

Feb. 23, 1990.

Jeffrey S. Michaelson, Providence, R.I., for plaintiff.

Jamie L. Mills, Law Firm of John M. Creane, Milford, Conn., and Stephen J. Fortunato, Jr., Providence, R.I., for defendant.

## MEMORANDUM AND ORDER

LAGUEUX, District Judge.

This matter is before the Court on the motion of Lifetime Medical Nursing Services, Inc. (Lifetime Med) to remand this case to the Fifth Division District Court of the State of Rhode Island. Plaintiff is a Rhode Island corporation which provides in-home health care services. New England Health Care Employees Welfare Fund (New England Health) is an employee benefit plan within the meaning of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, *et seq.* Plaintiff's complaint, initially filed in state court, alleges that Lifetime Med and New England Health entered into an oral contract, on or about August 1, 1988, whereby Lifetime Med would provide medical services to Ann St. Pierre, the wife of an employee covered by New England Health. Lifetime Med further alleges that although New England Health agreed to pay 80% of Lifetime Med's usual and customary fees for services rendered to Mrs. St. Pierre, New England Health has refused to pay the full amount owing for the services rendered to

her, leaving $7,740.00 plus interest due and payable.

New England Health removed this case to the United States District Court for the District of Rhode Island on September 15, 1989. It asserted federal question jurisdiction under ERISA and, in particular, under the civil enforcement provision of that Act, *See* 29 U.S.C. § 1132. In its opposition to plaintiff's motion to remand, defendant argues that inasmuch as Lifetime Med seeks damages from an ERISA regulated employee benefit plan, plaintiff's claim depends on the application of federal law. Defendant contends that the federal court has exclusive jurisdiction and concludes that plaintiff's claim properly belongs in federal court.

Lifetime Med contends that its claim against New England Health rests solely on the oral contract between the two parties and that Rhode Island law governs the contract. Plaintiff counters New England Health's preemption argument by arguing that Congress did not provide health service organizations or providers with a federal counterpart to a state law contract claim. Plaintiff concludes that Congress never intended to preempt state law contract claims by health care providers against employee benefit funds.

## DISCUSSION

As courts of limited jurisdiction, lower federal courts depend on congressional authority for their jurisdiction. *Aldinger v. Howard,* 427 U.S. 1, 15, 96 S.Ct. 2413, 2420, 49 L.Ed.2d 276 (1976). "The boundaries of that jurisdiction are subject to the will of Congress. Federal courts should not widen the encincture of their jurisdiction without clear authority from the national legislature." *International Union of Bricklayers and Allied Craftsmen, Local # 1 of Rhode Island v. Menard & Co.,* 619 F.Supp. 1457, 1459 (D.R.I.1985). Congress has legislated that district courts may exercise jurisdiction over any civil action removed to federal court by a defendant provided that the litigation falls within the original jurisdiction of the court. 28 U.S.C. § 1441(a). If the district court lacks sub-

ject matter jurisdiction, it must remand the case. 28 U.S.C. § 1447(c). The court should resolve any doubt in favor of remand.

Federal courts have original jurisdiction over cases "arising under" the laws, treaties, or Constitution of the United States. 28 U.S.C. § 1331. In discussing "arising under" jurisdiction, the United States Supreme Court has stated:

> Under our interpretations, Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action *or* that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.

*Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27–8, 103 S.Ct. 2841, 2856, 77 L.Ed.2d 420 (1983) (emphasis added). Although plaintiffs, by way of the complaint, generally control which forum will oversee litigation, they may not defeat defendants' power to remove a case by artfully omitting any mention of federal law from the complaint. *Id.* at 22, 103 S.Ct. at 2853; *HCA Health Serv. of the Midwest, Inc. v. Catrambone,* 682 F.Supp. 381, 382 (N.D.Ill.1988); *Isaacs v. Group Health, Inc.,* 668 F.Supp. 306, 311 (S.D.N.Y.1987). Lifetime Med's complaint clearly does not assert a federal cause of action. Rather, in simplistic terms it presents a state law contract claim. It does not appear from the face of plaintiff's complaint that plaintiff's right to relief requires analysis or application of federal law. *Cf. Pritt v. Blue Cross & Blue Shield of West Virginia, Inc.,* 699 F.Supp. 81, 82, 84 (S.D.W.Va.1988).

New England Health contends, however, that ERISA so pervasively regulates this type of case that it displaces plaintiff's state law claim. *See Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63–64, 107 S.Ct. 1542, 1546–47, 95 L.Ed.2d 55 (1987); *Fitzgerald v. Codex Corp.,* 882 F.2d 586, 587 (1st Cir.1989). This issue presents a question of congressional intent. *Pilot*

*Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 45, 107 S.Ct. 1549, 1551, 95 L.Ed.2d 39 (1987). In *Pilot Life* and in its companion case *Metropolitan Life,* the United States Supreme Court concluded that ERISA so comprehensively regulates employee benefit disputes, that Congress must have intended wide-ranging preemption when it enacted ERISA. *Id.* at 47–48, 107 S.Ct. at 1553. *Metropolitan Life, supra,* 481 U.S. at 63–64, 107 S.Ct. at 1546–47. These two cases, however, only considered suits initiated by employee/participants against their employee benefit funds to enforce or to recover employee benefits. *Pilot Life, supra,* 481 U.S. at 43, 107 S.Ct. at 1551; *Metropolitan Life, supra,* 481 U.S. at 60–61, 107 S.Ct. at 1544–45.

The ERISA preemption clause states that "the provision of this subchapter ... shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). However, defendant's status as an ERISA fund does not alone mandate that a cause of action against the fund "relates to" an employee benefit plan such that federal review is required. *See Pritt, supra,* 699 F.Supp. at 84–85. In *Metropolitan Life,* the Supreme Court emphasized that whether or not a case falls within the civil enforcement provision of ERISA determines whether the suit should be removed to federal court on the basis of preemption. *Metropolitan Life,* 481 U.S. at 65–66, 107 S.Ct. at 1547–48.

The civil enforcement provision of ERISA specifically provides standing for participants, beneficiaries, fiduciaries, and the Secretary of Labor, 29 U.S.C. § 1132(a). The Act generally defines participants as employees or former employees eligible to receive benefits under employee benefit plans. 29 U.S.C. § 1002(7). A beneficiary includes any "person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." *Id.* at § 1002(8). Finally, one who maintains discretionary authority or control in the management or administration of an employee benefit plan or one who gives investment advice regard-

ing such plans constitutes a fiduciary. 28 U.S.C. § 1002(21)(A).

■ Federal courts in different circuits have given varying interpretations to the civil enforcement provision. The majority of federal courts have treated section 1132 as exclusive and have denied standing to plaintiffs not specifically enumerated therein. *See, e.g., Giardono v. Jones,* 867 F.2d 409, 412–13 (7th Cir.1989); *Stanton v. Gulf Oil Corp.,* 792 F.2d 432, 434 (4th Cir.1986); *Pressroom Unions–Printers League Income Security Fund v. Continental Assurance Co.,* 700 F.2d 889, 892 (2d Cir. 1983); *see also Carpenters District Council of Kansas City Pension Fund v. Bowlus School Supply, Inc.,* 716 F.Supp. 1232, 1234–35 (W.D.Mo.1989) (providing citations for majority and minority view). These courts have focused on the specific wording within ERISA and followed the traditional precept that absent clear language from Congress, courts cannot assume jurisdiction. *Dalehite v. United States,* 346 U.S. 15, 30–31, 73 S.Ct. 956, 965, 97 L.Ed. 1427 (1953); *Pressroom, supra,* 700 F.2d at 892.

Other courts, on the other hand, have liberally granted standing by misapplying the jurisdiction analysis. *See Hermann Hosp. v. MEBA Medical & Benefits Plan,* 845 F.2d 1286, 1287–88 (5th Cir.1988) (discussing minority view); *Pressroom, supra,* 700 F.2d at 892. In *Fentron Indus., Inc. v. National Shopmen Pension Fund,* 674 F.2d 1300 (9th Cir.1982), the court, noting that nothing within the legislative history of ERISA indicated that Congress intended to *prohibit* employers from suing under ERISA, found that an employer injured in fact had standing to sue. *Id.* at 1305 (emphasis added). This Court agrees with the Second Circuit which stated that "the *Fentron* court applied an inappropriate standard ... We focus not on whether the legislative history reveals that Congress intended to *prevent* actions by employers or other parties, but instead on whether there is any indication that the legislature intended to *grant* subject matter jurisdiction." *Pressroom, supra,* 700 F.2d at 892. Absent a clear grant of discretion, section

1132 provides the standard for determining standing. *See id.*

This Court concludes that Lifetime Med clearly does not fall within the definitions of a participant or a fiduciary. Although it might be argued that Lifetime Med is a beneficiary, the federal courts have generally limited beneficiary status to spouses and dependents, *See Cameron Manor, Inc. v. United Mine Workers of America,* 575 F.Supp. 1243, 1245 (W.D.Pa.1983), or to one assigned rights to the benefits by a participant. *See Hermann Hosp., supra,* 845 F.2d at 1290; *HCA Health Serv., supra,* 682 F.Supp. at 383.

The *Cameron Manor* court's interpretation of the civil enforcement provision has been extensively followed. Under this literal view, federal courts have denied standing to employers, employee benefit funds, unions, and health care services or providers. *See Great Lakes Steel v. Deggendorf,* 716 F.2d 1101, 1105 (6th Cir.1983); *Pressroom,* 700 F.2d at 892–93; *International Union of Bricklayers, supra,* 619 F.Supp. at 1458, 1462; *Cameron Manor, supra,* 575 F.Supp. at 1246. The First Circuit has followed the majority view, limiting standing to those enumerated in section 1132. *See Kwatcher v. Massachusetts Serv. Employees Pension Fund,* 879 F.2d 957, 964–65 (1st Cir.1989). The First Circuit specified that "since Congress has carefully catalogued a selected list of persons eligible to sue under ERISA, there is no plausible rationale for us gratuitously to enlarge the roster." *Id.* at 965. On this basis the First Circuit has denied a right of action by an employer to recover for overpayments made under an employee benefit plan. *Id.* at 964–65. This Court also denied a Union and an employee benefit fund standing under ERISA. *International Union of Bricklayers, supra,* 619 F.Supp. at 1461–62.

The Fifth Circuit and many lower federal courts have held specifically that health care providers lack standing to sue for damages. *See Hermann Hosp., supra,* 845 F.2d at 1289; *Pritt, supra,* 699 F.Supp. at 84–5; *HCA Health Serv., supra,* 682 F.Supp. at 383; *Cameron Manor, supra,*

575 F.Supp. at 1245–46. Those courts have all held that health care providers do not constitute participants, beneficiaries, or fiduciaries within the meaning of the Act. This Court accepts that interpretation of the civil enforcement provision and agrees that Congress did not intend to give health care providers a federal cause of action against employee benefit plans (absent some form of assignment of rights to the benefits).

Defendant inappropriately relies on *Mercy Hosp. Ass'n v. Miccio,* 604 F.Supp. 1177 (E.D.N.Y.1985), for the proposition that ERISA governs suits between health care facilities and ERISA funds. In *Mercy Hosp.,* the court refused to remand an action by a hospital against a Union Fund (the party deemed appropriate by the court). *Id.* at 1179–80. The court, however, neglected to explore the issue of plaintiff's standing in the case and instead accepted as fact the parties' agreement that the plaintiff had standing. *Id.* at 1179.

■ This Court agrees with the majority view that courts should construe the civil enforcement provision narrowly and only apply the preemptive powers of ERISA when a designated party brings suit. An ERISA fund's status as defendant in a lawsuit does not mean that the litigation "relates to" ERISA so significantly that preemption is required. Preemption depends on the civil enforcement provision. Section 1132 does not grant a health care provider (at least absent an assignment of rights) standing to sue. Since Lifetime Med's contract claim neither falls within the civil enforcement provision nor "relates to" the ERISA benefit plan, plaintiff's contract claim must be remanded to state court.

### Conclusion

For the reasons stated above, plaintiff's motion to remand is granted.

*It is so Ordered.*