**ST. FRANCIS HOSPITAL AND MEDICAL CENTER**

**v.**

**BLUE CROSS & BLUE SHIELD OF CONNECTICUT, INC.**

**No. 2:91–CV00292 (PCD).**

United States District Court, D. Connecticut.

Nov. 1, 1991.

James J. Tyma, John F. Scully, Elizabeth D. Fairbanks, Cooney, Scully & Dowling, Hartford, Conn., for plaintiff.

1. Defendant allegedly wrongfully caused payments in excess of $520,000 from the hospital's account on behalf of Anjanette Farace, the daughter of a St. Francis employee.

2. 29 U.S.C. § 1132(a) provides:
   A civil action may be brought—
   (1) by a participant or beneficiary—(A) for relief provided for in subsection (c) of this

James W. Bergenn, Mark K. Ostrowski, Shipman & Goodwin, Hartford, Conn., for defendant.

## RULING ON PENDING MOTIONS

DORSEY, District Judge.

Plaintiff seeks to remand this case to the Hartford Superior Court pursuant to 28 U.S.C. § 1447(c). Defendant moves to dismiss on the basis that (1) plaintiff's state law claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.;* and (2) the action is not ripe and will become moot upon the conclusion of a pending lawsuit involving identical issues.

*Background*

Plaintiff maintains a self-insured employee benefit plan ("plan") to provide its employees and their dependents with hospitalization, medical, and surgical benefits. Plaintiff and defendant entered into an Administrative Services Agreement ("Agreement"), effective January 1, 1986, whereby defendant agreed to administer the plan.

Plaintiff commenced this action in the superior court alleging a breach of the Agreement.[1] Defendant removed the action to this court as a federal question under ERISA. Defendant then moved to dismiss plaintiff's claims on the ground that they are preempted by ERISA. Plaintiff then moved that the case be remanded to the superior court, contending that it has no standing to maintain an ERISA claim and that this court, therefore, lacks subject matter jurisdiction.

*Discussion*

A civil action may be brought in federal district court by a "participant, beneficiary or fiduciary" of ERISA trusts for relief under various sections or subsections of the statute. 29 U.S.C. § 1132(a).[2] *See*

section, or (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
(2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;

*Tuvia Convalescent Center v. National Union*, 717 F.2d 726, 729 (2d Cir.1983). Congress may "grant and extend the subject matter jurisdiction of the federal judiciary, and the courts are not to infer a grant of jurisdiction absent a clear legislative mandate." *Pressroom Unions— Printers League Income Security Fund v. Continental Assurance Co.*, 700 F.2d 889, 892 (2d Cir.1983). District courts may exercise jurisdiction over civil actions removed thereto by a defendant provided that the litigation falls within the original jurisdiction of the court. 28 U.S.C. § 1441(a). If the district court lacks subject matter jurisdiction, it must remand the case. 28 U.S.C. § 1447(c). *See also, Lifetime Med. Nursing Serv. v. New England Health*, 730 F.Supp. 1192 (D.R.I.1990). Any doubt should be resolved in favor of remand. *Id.* The express terms of the statute determine who is authorized to institute a civil action to enforce ERISA.

■ Federal courts have predominantly treated the terms of the Act as exclusive and have denied standing to plaintiffs not specifically enumerated therein. *See id.* The second circuit has adopted a strict construction of the statute and has taken a narrow view of the district court's jurisdiction. *See Local 807 Labor–Management Pension v. Owens Trucking*, 585 F.Supp. 616 (E.D.N.Y.1984), and cases cited. Section 1132 does not expressly provide for a civil action by an employer.[3] Plaintiff, as an employer, does not have standing as an enumerated party to bring a cause of action. *See Tuvia*, 717 F.2d at 730 ("Tuvia, as an employer, did not have standing to bring an action under § 1132 of ERISA"); *Central States, Southeast & Southwest*

*Areas Pension Fund v. Admiral Merchants Motor Freight, Inc.*, 511 F.Supp. 38, 47–48 (D.Minn.1980) ("ERISA was enacted for the especial benefit of participants in and beneficiaries of pension plans, and not for the especial benefits of employers."); *Modern Woodcrafts, Inc. v. Hawley*, 534 F.Supp. 1000, 1012–14 (D.Conn. 1982) (employer lacks standing to sue under four categories listed in § 1132).

■ Defendants argue that, even though the plaintiff is an employer, it is also a plan fiduciary and thus falls within the jurisdictional grant afforded to fiduciaries under § 1132. A person is a "fiduciary" with respect to a plan

> to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A). Defendant contends that the agreement between the parties granting defendant administrative control over the processing of claims nonetheless permits the hospital to retain control over the hiring and firing of its plan administrator and to bear the ultimate responsibility and liability for claims by plan participants. Thus, plaintiff is a plan fiduciary.

"Whether or not an individual or entity is an ERISA fiduciary must be determined by

---

3. by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

(4) by the Secretary, or by a participant, or beneficiary for appropriate relief in the case of a violation of 1025(c) of this title;

(5) except as otherwise provided in subsection (b) of this section, by the Secretary (A) to enjoin any act or practice which violates any provision of this subchapter, or (B) to obtain

other appropriate equitable relief (i) to redress such violation or (ii) to enforce any provision of this subchapter; or

(6) by the Secretary to collect any civil penalty under subsection (c)(2) or (i) or (*l*) of the section.

3. Section 3 of ERISA, 29 U.S.C. § 1002(5) (1976), provides:

The term "employer" means any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association of employers acting for an employer in such capacity.

focusing on the function performed, rather than on the title held." *Blatt v. Marshall & Lassman,* 812 F.2d 810 (2d Cir.1987). "An entity need not have absolute discretion with respect to a benefit plan in order to be considered a fiduciary.... [R]ather, fiduciary status exists with respect to any activity enumerated in the statute over which the entity exercises discretion or control." *Id.*

As provided by the Agreement, defendant administers all aspects of the plan. Defendant admits that as the administrator it is authorized to control and interpret all provisions of the benefit program and act as the plan fiduciary. The only control that plaintiff retains is the ability to select the plan administrator. An employer's ability to select the plan administrator does not, by itself, confer upon it the role of fiduciary. *See Gelardi v. Pertec Computer Corp.,* 761 F.2d 1323, 1325 (9th Cir.1985) ("[T]hat the Plan Administrator serves at the pleasure of the Board of Directors makes ... the Board fiduciaries liable only with respect to the selection of the Administrator.... [E]RISA anticipates that employees will serve on fiduciary committees but the statute imposes liability on the employer only when and to the extent that the employer himself exercises the fiduciary responsibility allegedly breached."). Plaintiff's claim, breach of contract by defendant, does not implicate the limited fiduciary function retained by plaintiff. Plaintiff consequently not only lacks standing to bring a cause of action under ERISA in federal court, but its claim is limited and governed by state contract law.

Because plaintiff cannot bring an action on this subject and its action is one governed by state contract law, there is no subject matter jurisdiction over plaintiff's claim in this court. Plaintiff's motion to remand to Connecticut Superior Court is granted. Defendant's motion to dismiss is denied as moot.

SO ORDERED.