**McDERMOTT FOOD BROKERS, INC., McDermott Food Brokers, Inc., 401(k) Plan, and McDermott Food Brokers, Inc., Employee Stock Ownership Plan, Plaintiffs,**

v.

**F. Philip KESSLER, Jr., F.P. Kessler, Jr. & Associates, and New England Mutual Life Insurance Company, Defendants.**

No. 95–CV–0659.

United States District Court, N.D. New York.

Oct. 4, 1995.

Dreyer, Boyajian Law Firm, Albany, NY (Christopher M. Scaringe, of counsel), for Plaintiffs.

LeBoeuf, Lamb Law Firm, Albany, NY (Thomas S. West, of counsel), for Defendants.

## MEMORANDUM–DECISION AND ORDER

McAVOY, Chief Judge.

## I. INTRODUCTION

Plaintiffs McDermott Food Brokers, Inc. ("McDermott"), McDermott Food Brokers, Inc., 401(k) Plan ("401(k)"), and McDermott Food Brokers, Inc., Employee Stock Ownership Plan ("ESOP"), along with two individual plaintiffs, originally commenced this action in New York State Supreme Court, Albany County. By notice of removal dated May 15, 1995, defendants F. Philip Kessler, Jr. ("Kessler"), F.P. Kessler, Jr. & Associates ("Associates"), and New England Mutual Life Insurance Company ("Mutual Life") removed the case to this Court pursuant to 28 U.S.C. § 1441. Subsequently, plaintiffs filed an amended complaint with the Court that withdrew the two individuals as plaintiffs in this action, leaving only the three plaintiffs named above. Plaintiffs moved to remand the case to Albany County Supreme Court based on improper removal by defendants. Defendants opposed the remand and cross-moved to dismiss the Amended Complaint under Fed. R.Civ.P. 12(b)(6).

The Court heard oral argument on these motions on August 14, 1995. At that time the Court granted plaintiffs' Motion to Remand and denied Defendants' Motion to Dismiss. Defendants immediately moved, however, for an opportunity to submit a supplemental brief on the issue of plaintiff McDermott's standing to sue pursuant to the civil enforcement provisions of ERISA. The Court granted the motion and suspended its judgment pending the resolution of defendants' arguments. The following constitutes the Court's findings of fact and conclusions of law with respect to the issues raised.

## II. BACKGROUND

Plaintiff McDermott is a New York State corporation with its principal place of business located in Albany, New York. McDermott was at all times relevant for these motions the employer and sponsor of plaintiff 401(k) and plaintiff ESOP. Defendant Kessler is the owner and general partner of defendant Associates, a partnership based in Syracuse, New York. Kessler and Associates were general agents of defendant Mutual Life, which is a New England insurance company that operates within New York.

Plaintiff McDermott alleges that it retained defendants Kessler and Associates to act as "third-party administrator" for plaintiff 401(k) and plaintiff ESOP during the general period 1987–93. Defendants' duties under the contract are alleged to have included, *inter alia,* (1) gathering and collecting information from the ESOP, 401(k), and McDermott; (2) preparing required annual reports to be filed with the Internal Revenue Service ("IRS"); (3) allocating and accounting for ESOP and 401(k) assets; (4) preparing statements of account for ESOP and 401(k) participants; and (5) determining the amount of assets to be paid to or for the benefit of ESOP and 401(k) participants. (*See* Pl.'s Mem.Supp.Rem. at 3–4.)

The thrust of plaintiffs Amended Complaint is that "despite their contractual obligations," defendants Kessler and Associates were negligent in discharging their duties. For example, defendants may have (1) failed to verify the total wages of employees to the IRS; (2) incorrectly included or excluded certain employees from the ESOP; (3) failed to include "nondeferring" but eligible participants from the 401(k); and (4) failed to allocate properly 401(k) matching contributions to eligible participants. (*See* id.) As an apparent result of defendants' "disregard of their responsibilities," plaintiff McDermott was forced to expend large sums of money to remedy the mistakes. Moreover, both the ESOP and the 401(k) may be officially disqualified by the IRS and the United States Department of Labor. Such disqualification allegedly will expose McDermott to significant liability and damages.

In this suit against defendants Kessler and Associates, plaintiffs have asserted common law tort and contract claims. Defendant Mutual Life was added as a party based on a

theory of vicarious liability. For purposes of their motion to remand, plaintiffs argue that removal was improper because their state actions are neither preempted by the Employee Retirement Income Security Act ("ERISA") nor fall within the civil enforcement provisions of the Act. Defendants counter that plaintiffs' causes of action are in fact preempted because the claims "relate to" the ESOP and 401(k) retirement plans; moreover, defendants argue, the claims also are covered by ERISA's civil enforcement provisions. Finally, defendants allege that because ERISA applies and they are "nonfiduciaries" under the Act, they cannot be sued for money damages.

## III. DISCUSSION

■ The Second Circuit recently limited removal based on ERISA to causes of action that both "relate to" an employee benefit plan within the meaning of 29 U.S.C. § 1144(a) and fall within the Act's civil enforcement provisions, 29 U.S.C. § 1132(a). *Smith v. Dunham–Bush, Inc.*, 959 F.2d 6, 8 (2d Cir.1992). If the party that has sought removal cannot establish that both parts of this two-prong test are satisfied, a federal court has no subject-matter jurisdiction and must remand the case back to state court. *See* 28 U.S.C. § 1447(c). The Court initially will address the issue of whether plaintiffs' claims in this case are covered by the enforcement provisions of 29 U.S.C. § 1132(a).

■ In order for a plaintiff's causes of action to fall within ERISA's civil enforcement provisions, the plaintiff must have standing to sue under the Act. Under ERISA, a civil action may be brought in federal court by a "participant, beneficiary, or fiduciary" of an ERISA retirement plan for relief under various sections of the Act. *See* 29 U.S.C. § 1132(a)(3). Outside of this "clear legislative mandate" courts are not to infer a grant of jurisdiction. *Pressroom Unions–Printers League Income Sec. Fund v. Continental Assurance Co.*, 700 F.2d 889, 892 (2d Cir.), *cert. denied*, 464 U.S. 845, 104 S.Ct. 148, 78 L.Ed.2d 138 (1983). Any doubt should be resolved in favor of the absence of subject-matter jurisdiction and in favor of remand. *See, e.g.*, 28 U.S.C. 1447(c) (dictat-

ing that remand is required if it "appears" that the court lacks jurisdiction); *St. Francis Hosp. & Med. Ctr. v. Blue Cross & Blue Shield, Inc.*, 776 F.Supp. 659, 661 (D.Conn. 1991).

■ The Second Circuit has adopted a strict construction of 29 U.S.C. § 1132(a) and consequently has taken a narrow view of the district courts' jurisdiction in these cases. *Id.* As a result, because Section 1132 does not expressly provide for civil actions by employers, plaintiff here—as an employer—does not have standing as an enumerated party to bring a cause of action in federal court. *Tuvia Convalescent Ctr., Inc. v. National Union of Hosp. & Health Care Employees*, 717 F.2d 726, 730 (2d. Cir.1983); *Pressroom Unions*, 700 F.2d at 892. Of course, a party that ordinarily would qualify as an "employer" may obtain standing by suing in its capacity as, for example, a fiduciary to the employee retirement plan. *See United States Steel Corp. v. Pennsylvania Human Relations Comm'n,* 669 F.2d 124, 126–28 (3d Cir.1982).

Defendants argue that, even though plaintiff McDermott is an employer, it is also a plan fiduciary and thus falls within the jurisdictional grant afforded to fiduciaries under Section 1132. A party is a "fiduciary" of a retirement plan

> to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation ... with respect to ... such plan, or has any authority or any responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A). Defendant contends that plaintiff McDermott essentially is the "Plan Administrator" of the ESOP and 401(k) by default, McDermott having failed to appoint anyone else to the job. As such, McDermott also would be a fiduciary because the ESOP and 401(k) endow the Plan Administrator with the power to manage the plans

in a manner very similar to that described in Section 1002(21)(A). The Plan Administrator is also included in 29 U.S.C. § 1002(14)(A) among a list of fiduciaries in the definition of the term "party in interest." Finally, defendant argues that not only is plaintiff McDermott a fiduciary as well as an employer, but McDermott was acting in its fiduciary capacity in contracting with defendants in the first place.

In response to defendants' arguments, the Court agrees with plaintiff McDermott that "[w]hether or not an individual or entity is an ERISA fiduciary must be determined by focusing on the function performed, rather than on the title held." *Blatt v. Marshall & Lassman,* 812 F.2d 810, 812 (2d Cir.1987). However, a party "need not have absolute discretion with respect to a benefit plan in order to be considered a fiduciary." *Id.* On the contrary, fiduciary status exists "with respect to any activity enumerated in the statute over which the [party] exercises discretion or control." *Id. See also Amato v. Western Union Int'l, Inc.,* 773 F.2d 1402, 1416–17 (2d Cir.1985) (ERISA permits employers to wear "two hats"—employer in some cases and fiduciary in others).

On the face of plaintiffs' Complaint and Amended Complaint, defendants apparently contracted to manage and administer all significant aspects of both the ESOP and the 401(k). Although plaintiff McDermott may have retained the title of Plan Administrator by default, the Court finds that McDermott has sufficiently alleged that defendants assumed the functions of Plan Administrator. Defendants argue that McDermott was acting as the Plan Administrator, and thus as a fiduciary, when it arranged for defendants to "assist" in the administration of the plans. But even if plaintiff McDermott was the Plan Administrator prior to the contract, defendants replaced McDermott as Administrators once the contract went into effect.

Defendant argues that in determining jurisdiction where a party has a capacity as both an employer and a fiduciary, "*both* capacities count." (Defs' Supp.Mem. Opp.Rem. at 7 (emphasis in original).) The Court is inclined to agree. However, the only real control that McDermott exercised and retained was the ability to select defendants as Administrators; such control does not, standing alone, confer upon McDermott the role of fiduciary in all suits. *See Gelardi v. Pertec Computer Corp.,* 761 F.2d 1323, 1325 (9th Cir.1985). Plaintiffs' claims here are based on theories of negligence and breach of contract. As such, they do not implicate the limited fiduciary function exercised and retained by McDermott. *St. Francis Hosp.,* 776 F.Supp. at 662. In other words, rather than hold that McDermott brings this suit in its capacity as an employer and not as a fiduciary, the Court finds that for purposes of this suit McDermott had only one capacity—that of employer. Defendants had already assumed McDermott's capacity as fiduciary.

Returning to the *Dunham–Bush* standard, 959 F.2d at 8, plaintiffs' claims do not fall within the civil enforcement provisions of 29 U.S.C. § 1132(a), and removal in this case was improper. Plaintiffs lack standing to bring a cause of action under ERISA in federal court because they are not among the parties enumerated in 29 U.S.C. § 1132(a).

## IV. CONCLUSION

Because plaintiffs cannot bring an action on this subject under ERISA and their claims are governed by state tort and contract law, the Court finds that it has no subject-matter jurisdiction to hear this case. The Court therefore orders that this action be remanded to New York State Supreme Court, Albany County, pursuant to 28 U.S.C. § 1447(c). Defendants' motion for dismissal of the complaint is denied as moot and plaintiffs' motion is hereby GRANTED.

**IT IS SO ORDERED.**