15-2866-cv
Severstal Wheeling, Inc. Retirement Committee v. WHX Corporation

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 30th day of August, two thousand sixteen.

Present:     ROSEMARY S. POOLER,
             GERARD E. LYNCH,
             SUSAN L. CARNEY,
                      *Circuit Judges.*

_____

SEVERSTAL WHEELING, INC. RETIREMENT COMMITTEE,
TIMOTHY S. ROGERS, WILLIAM DREW LANDON, RICHARD
CARUSO, THE WHEELING CORRUGATING COMPANY RETIREMENT
SECURITY PLAN, THE SALARIED EMPLOYEES' PENSION
PLAN OF SEVERSTAL WHEELING,

                           *Plaintiffs-Appellants,*

                 v.                                      15-2866

WHX CORPORATION,

                           *Defendant-Appellee.*[1]

_____

Appearing for Appellants:     Robert Joseph Barton (Matthew A. Smith, *on the brief*), Cohen
                              Milstein Sellers & Toll PLLC, Washington, D.C.

Appearing for Appellee:       Lisa C. Solbakken, (Deana Davidian, *on the brief*), Arkin
                              Solbakken LLP, New York, NY.

_____

[1] The Clerk of Court is respectfully directed to amend the caption as above.

Appeal from the United States District Court for the Southern District of New York (Gorenstein, *M.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellants appeal from the August 12, 2015 judgment of the District Court for the Southern District of New York (Gorenstein, *M.J.*), dismissing their complaint against WHX Corporation for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Appellant Severstal Wheeling, Inc. Retirement Committee (the "Committee") is a named fiduciary under the Employee Retirement Income Security Act of 1974 ("ERISA") of two defined contribution plans sponsored for the employees of Severstal Wheeling, Inc. (collectively, the "Plans"). Until late 2008, the Plans were funded and maintained through a trust sponsored by the WHX Corporation ("Combined Trust"). The Combined Trust pooled the Plans' assets with assets from other employee benefit plans sponsored by WHX. After Severstal Wheeling, Inc. separated from WHX, a portion of the assets was transferred from the Combined Trust to a separate trust holding the Plans' assets (the "Severstal Trust"). Before and after the transfer, the Plans were managed by the WPN Corporation, whose sole employee was Ronald LaBow. The Committee, along with other named fiduciaries of the Plans and the Plans' individual members, sued WHX, WPN and LaBow on behalf of the Plans. The Appellants brought claims against WHX under Section 502(a)(2) and (a)(3) of ERISA, 29 U.S.C. § 1132(a)(2), (a)(3), for breach of its own fiduciary duty and knowing participation in WPN's breach of fiduciary duty. The district court granted WHX's motion to dismiss the complaint on the ground that the complaint failed to allege that WHX exercised authority and control over, and thus was a fiduciary of, the Severstal Trust, and because the Complaint did not sufficiently allege an entitlement to equitable relief, which is the only relief available for knowing participation in a fiduciary breach by a non-fiduciary.

We "review a District Court's grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim *de novo*, 'accepting the complaint's factual allegations as true and drawing all reasonable inferences in the plaintiff's favor.'" *Carpenters Pension Tr. Fund of St. Louis v. Barclays PLC*, 750 F.3d 227, 232 (2d Cir. 2014) (quoting *Steginsky v. Xcelera Inc.*, 741 F.3d 365, 368 (2d Cir. 2014)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

The district court dismissed Counts I and II of the Complaint on the basis that the Complaint failed to adequately allege WHX's fiduciary status. The term "fiduciary" is defined in Section 3(21)(A) of ERISA as follows:

2

[A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A). "[W]hether or not an individual or entity is an ERISA fiduciary must be determined by focusing on the function performed, rather than on the title held." *Blatt v. Marshall & Lassman*, 812 F.2d 810, 812 (2d Cir. 1987). "An entity need not have absolute discretion with respect to a benefit plan in order to be considered a fiduciary; rather, fiduciary status exists with respect to any activity enumerated in the statute over which the entity exercises discretion or control." *Id.* (citations omitted).

The Committee alleges that a reasonable inference can be drawn from its complaint that WHX is a fiduciary in regard to the November 3 transfer because it "exercised *actual* control over the disposition of plan assets." Appellants' Br. at 28. But the Second Amended Complaint alleged no facts to support a claim that WHX had a role in determining which assets to transfer to the Severstal Trust, nor any facts that support a claim that they "conspired" with WPN or Ronald Labow in the transfer at issue. Appellants contend that WHX's contract with WPN allowed WHX unilaterally to withdraw assets from the Combined Trust, and that WHX exercised that power. There are no allegations in the Complaint, however, linking the retained right to withdraw assets with the selection and transfer of assets to the Severstal Trust. Indeed, the Complaint itself alleges that WPN and LaBow – not WHX – directed the transfer of the assets. Thus, the allegations of the Complaint are clear that WHX did not "exercise authority or control regarding the disposition of plan assets[,] . . . [and] [c]onsequently, because [WHX] does not come within the statutory definition of ERISA, the district court correctly held that [WHX] is not . . . liable for breach of fiduciary duty."[2] *LoPresti v. Terwilliger*, 126 F.3d 34, 41 (2d Cir. 1997).

Although conceding that the Complaint did not request equitable relief for WHX's alleged participation in WPN's fiduciary breach, the Committee argues, for the first time on appeal, that equitable relief is available in the form of restitution and disgorgement and the district court should not have dismissed its claim simply because it sought the wrong form of relief. Although it may be error to dismiss a complaint simply because it names the wrong form of relief, *see Powell v. Nat'l Bd. of Med. Examiners*, 364 F.3d 79, 86 (2d Cir. 2004), the Complaint did not contain sufficient allegations to suggest any entitlement to equitable relief. Even if we construed the Complaint to seek "restitution," that would not render the requested relief equitable in nature. Whether relief is legal or equitable depends on "the basis for [the plaintiff's] claim and the nature of the underlying remedies sought." *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213 (2002) (alterations in original) (internal quotation marks omitted). The "key factor" in

---

[2] At oral argument, Appellants argued, for the first time, that WHX had a fiduciary duty with respect to the transfer of assets to the Severstal Trust due to an agreement between the Committee and WHX to transfer 10% of each asset held in the Combined Trust. That argument was not raised below and is accordingly waived.

determining whether "restitution" is legal or equitable "is whether a claimant was seeking restitution from a defendant's general funds, in which case the claim was legal, or whether a claimant was seeking to recover money that could be traced to . . . particular [property] held by a defendant, in which case the claim was equitable." *Cent. States, Se. & Sw. Areas Health & Welfare Fund v. Gerber Life Ins. Co.*, 771 F.3d 150, 155 (2d Cir. 2014); *see also Great-West*, 534 U.S. at 213. Here, Appellants do not seek in the Complaint "money that can be traced to" a particular fund or particular property held byWHX. Notwithstanding Appellants' arguments to the contrary, the Complaint alleges only an interest in 10% "of the *total* assets" held in the Combined Trust rather than a 10% stake in any particular asset. App'x at 65 (emphasis added). Thus, the district court correctly held that Count III failed to state a claim upon which relief can be granted.

We have considered the remainder of Appellants' arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk